IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANNIE L. HAIRSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:24-cv-524-MHT-SMD |
| | ) | |
| MEDICARE INSURANCE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

On July 23, 2024, pro se Plaintiff Annie L. Hairston ("Hairston") filed a complaint in Montgomery County Circuit Court alleging what appears to be a medical malpractice claim against Defendants Dr. Robert E. Howell, III, ("Dr. Howell") and Baptist Medical Center South ("Baptist South") stemming from medical care she received after surgery. Compl. (Doc. 1-1) pp. 4-5. Hairston also named "Medicare Insurance" ("Medicare") and "Tricare Insurance" ("TRICARE") as defendants, alleging unspecified acts of "discrimination." *Id*.

While the complaint was pending in state court, Dr. Howell and Baptist South filed motions to dismiss Hairston's complaint, arguing that Hairston's sparse allegations were insufficient to state claims against them. Mots. (Doc. 1-1) pp. 17-19; 27-29. Humana Government Business, Inc. ("Humana Military")—who was not a named defendant in the complaint but who claims to be the entity responsible for the administration of TRICARE—then removed the case to this Court pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1). Not. Rem. (Doc. 1). Once in federal court, Humana

Military moved to dismiss Hairston's complaint, arguing, *inter alia*, that dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) because the complaint fails to state a claim. Mot. (Doc. 9).

As explained below, the undersigned finds that (1) removal was proper under the federal officer removal statute; (2) the motions to dismiss filed by all Defendants should be granted and Hairston's complaint dismissed; and (3) Hairston should be afforded an opportunity to file an amended complaint that clearly sets forth her claims.

I. **HAIRSTON'S FACTUAL ALLEGATIONS & CLAIMS**

The allegations contained in Hairston's complaint are sparse. Hairston alleges that she intended to receive care at Baptist South but the hospital "did not notify the known Primary Care doctor of the planned procedure. Therefore, the Primary Care doctor and patient were denied the opportunity to discuss the risks and alternatives," resulting in "additional surgery." Compl. (Doc. 1-1) p. 4. She asserts that Dr. Howell closed her file without a follow-up after she complained of hip and groin area pain. *Id*. Her allegations against TRICARE and Medicare consist of one word: "discrimination." *Id*.

It appears from Hairston's allegations that she is attempting to assert a state-law medical malpractice claim against Dr. Howell and Baptist South. While the undersigned is strained to construe a cause of action against TRICARE and Medicare from Hairston's allegation of "discrimination," a liberal construction of the complaint suggests that Hairston's claim necessarily arises from the coverage, payment, and/or administration of her insurance benefits pursuant to TRICARE and Medicare policies.

2

## II. JURISDICTION

The federal officer removal statute, 28 U.S.C. § 1442(a)(1), authorizes removal of a civil case to federal court when the defendant is the United States or any agency or officer of the United States and the case relates to an act taken on account of their governmental authority. *Caver v. Cent. Ala. Elec. Coop.*, 845 F.3d 1135, 1142 (11th Cir. 2017). Even if the removing defendant is not a federal officer or agency, removal is proper under the statute if the defendant can satisfy a three-prong test. *Id*. First, the defendant must show that it is a person within the meaning of the statute who acted under a federal officer. *Id*. Second, the defendant must show that it performed actions for which it is being sued under color of federal office. *Id*. Third, the defendant must raise "a colorable federal defense" to the claims against it. *Id.* (quotation marks omitted). Notably, the federal officer removal statute must be interpreted "broadly in favor of removal." *Willingham v. Morgan*, 395 U.S. 402, 407 (1969) (directing courts to broadly interpret § 1442(a)(1) so as not to frustrate the statute's purpose).

Humana Military, who is the contractor that administers the TRICARE program in the East Region of the United States ("East Region"),[1] is not a federal officer or agency. However, as explained below, Humana Military satisfies the three-pronged test under the federal officer removal statute; therefore, removal is proper.

---

[1] *See* Br. (Doc. 11) p. 2; Ex. A (Doc. 11-1).

### A. Humana Military Satisfies the "Acting Under" Requirement for the Federal Officer Removal Statute

A private entity is "acting under" a federal officer when it is involved in an effort to assist or to help carry out, the duties or tasks of the federal superior. *Watson v. Philip Morris Cos., Inc.*, 551 U.S. 142, 152-53 (2007). To satisfy the "acting under" requirement, "the private [entity] must help federal officers fulfill a basic governmental task that the government otherwise would have had to perform." *Caver*, 845 F.3d at 1143. The phrase "acting under" is considered broad and thus liberally construed. *Id.* at 1142.

TRICARE is a federal health insurance program administered by the United States Department of Defense ("DoD") to provide medical care to current and retired service members and their families. 32 C.F.R. § 199.17. TRICARE is extensively governed by various federal statutes and regulations. *See, e.g.*, 10 U.S.C. § 1071 (providing for "an improved and uniform program of medical and dental care for members and certain former members of [the armed] services, and for their dependents"); 32 C.F.R. § 199.17 (establishing regulations for operating TRICARE). As the administrator for TRICARE in the East Region, Humana Military must comply with the terms of its contract as well as the TRICARE program rules, regulations, and TRICARE manuals in determining eligibility and coverage for policyholders. *See* 32 C.F.R. § 199.17. Absent its contract with Humana Military, the DoD would be responsible for making these policy determinations. Therefore, because Humana Military is subject to detailed federal regulation, monitoring, and supervision, and because it performs a government task that, absent its contract, the government would otherwise perform, Humana Military satisfies the "acting under"

4

requirement for purposes of the federal officer removal statute. *See Cnty. Bd. of Arlington Cnty., Va. v. Express Scripts Pharmacy, Inc.*, 996 F.3d 243, 248-49 (4th Cir. 2021) (holding that the defendants who operated TRICARE Mail Order Pharmacy met their burden of showing they were "acting under" DoD for purposes of the federal officer removal statute); *Lombardi v. TriWest Healthcare All. Corp.*, 2009 WL 1212170, at *2 (D. Ariz. May 4, 2009) (finding that "[i]n administering TRICARE benefits, defendants do more than operate in a regulated industry . . . and are closely aligned with the government" and are therefore "acting under federal control within the meaning of [ ] § 1442(a)(1).").

### B. Humana Military Satisfies the "Relating To" Requirement for the Federal Officer Removal Statute

To meet the "relating to" prong of the federal officer removal statute, a defendant must show that its actions were "taken under color of law." *Caver*, 845 F.3d at 1144. This requires only a "connection or association between the act in question and the federal office." *Id*. (internal quotations omitted). "The hurdle erected by this requirement is quite low," *id*., and a defendant's "theory of the case when determining whether a causal connection exists" is entitled to deference, *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 431 (1999).

The sensible reading of Hairston's complaint, which is advanced by Humana Military,[2] suggests that she is suing Humana Military for discriminating against her in its administration of her TRICARE benefits relating to the medical care she received from Dr. Howell and Baptist South. As set forth in the previous section, Humana Military acts under

---

[2] *See, e.g.*, Not. Rem. (Doc. 1) p. 2.

the direct control of the DoD in its administration of TRICARE benefits. As such, Hairston's claim of discrimination in the administration of her TRICARE benefits is causally connected to Humana Military's responsibilities while acting under the DoD. Accordingly, Humana Military meets the "relating to" requirement for the federal officer removal statute. *See Lombardi*, 2009 WL 1212170, at *2 (finding that the plaintiff's claims arising from the administration of TRICARE benefits by a regional administrator stemmed from activities on behalf of the federal government); *Holton v. Blue Cross & Blue Shield of S.C.*, 56 F. Supp. 2d 1347, 1351-52 (M.D. Ala. 1999) (concluding that removal of action alleging state law claims against administrator of CHAMPUS benefits was proper pursuant to the Federal officer removal statute).[3]

### C. Humana Military Satisfies the "Colorable Federal Defense" Requirement for the Federal Officer Removal Statute

With respect to the "colorable federal defense" prong of the federal officer removal statute, Humana Military asserts the federal defenses of express preemption and sovereign immunity to Hairston's state-law claims. Not. Rem. (Doc. 1) p. 4. Importantly, Humana Military is not required to prove either defense at this time; instead, Humana Military's federal defenses need only be plausible. *Carver*, 845 F.3d at 1145 ("The colorable federal defense need only be plausible; its ultimate validity is not to be determined at the time of removal.") (internal quotations omitted).

---

[3] TRICARE replaced the Civil Health and Medical Program of the Uniformed Services (CHAMPUS) program in 1993. *See Health Net Federal Services*, https://www.hnfs.com/content/hnfs/home/company/company-information/hn_tricarehistory.html (last visited February 5, 2024).

6

As to express federal preemption, Humana Military relies on TRICARE's preemption provision which states:

> A law or regulation of a State or local government relating to health insurance, prepaid health plans, or other health care delivery or financing methods shall not apply to any contract entered into pursuant to this chapter by the Secretary of Defense or the administering Secretaries to the extent that [they] determine that –
>
> (1) the State or local law or regulation is inconsistent with a specific provision of the contract or a regulation promulgated by the Secretary of Defense or the administering Secretaries pursuant to this chapter; or
>
> (2) the preemption of the State or local law or regulation is necessary to implement or administer the provisions of the contract or to achieve any other important Federal interest.

10 U.S.C. § 1103(a).

Hairston alleges that Humana Military discriminated against her in its administration of her TRICARE benefits that Humana Military administers in accordance with the terms of its DoD contract and applicable federal regulations. Humana Military argues that Hairston's state-law claims are inconsistent with the terms of its DoD contract, along with any applicable statutory and regulatory provisions that apply to her plan, thereby preempting Hairston's state-law claims for discrimination under 10 U.S.C. §1103(a). Not. Rem. (Doc. 1) pp. 8-10. This defense is plausible. *See Bynum v. Aetna Gov't Health Plan*, 907 F. Supp. 320, 322 (S.D. Cal. 1995) (holding that CHAMPUS's [predecessor to TRICARE] preemption provision [substantially same as current version of 10 U.S.C. §1103(a)] expressly preempted state law claims for breach of contract and an intentional tort, noting that the "legislative history of CHAMPUS also identifies numerous policy reasons for why the statute preempts claims such as plaintiff's state law causes of action

7

here" and that "[m]ost of these policy rationales are based on the federal government's interest in uniformity in the administration of CHAMPUS claims and in the provision of CHAMPUS services").

Additionally, Humana Military raises the federal defense of sovereign immunity to Hairston's claims, arguing that sovereign immunity bars claims for benefit denial in the TRICARE context. Not. Rem. (Doc. 1) pp. 10-11. This is also a colorable federal defense. *See Wright v. Tricare Mgmt.*, 2007 WL 725797, at *1 (W.D. Ark. Mar. 7, 2007) (dismissing claims against TRICARE management on sovereign immunity grounds); *Livingston v. Blue Cross & Blue Shield of Ala.*, 788 F. Supp. 545, 547 (S.D. Ala. 1992) (recognizing the application of sovereign immunity to Blue Cross in its role as a fiscal intermediary).

Based on both express preemption and sovereign immunity, Humana Military has satisfied its burden to assert a colorable federal defense to Hairston's claims.

**D. Conclusion**

As explained above, Humana Military satisfies the three-prong test to remove Hairston's complaint under the federal officer removal statute. And because the Court has jurisdiction over Hairston's claims against Humana Military, this Court may also exercise its supplemental jurisdiction over her remaining state-law claims against Dr. Howell and Baptist South, as those claims appear to arise from the same case or controversy as her claim against Humana Military.[4] *See Nikas v. Quinlan*, 29 F.3d 619, 619 n. 1 (1st Cir. 1994)

---

[4] Under 28 U.S.C. § 1367(c), this Court may decline to exercise its supplemental jurisdiction over the state-law claims against Dr. Howell and Baptist South if (1) they "raise[ ] a novel or complex issue of State law," (2) they "substantially predominate[ ]" over the federal claims, or (3) there are "other compelling reasons for declining jurisdiction." *Citrano v. John Crane-Houdaille, Inc.*, 1 F. Supp. 3d 459, 470 (D. Md. Feb. 27, 2014). A state claim "substantially predominates" over the claim that forms the basis of jurisdiction, if that

("In addition to granting independent jurisdiction over state-court cases involving federal officers, a § 1442(a)(1) removal to federal court creates ancillary jurisdiction over the non-federal elements of the controversy.").

## III. MOTIONS TO DISMISS

Having determined that Humana Military properly removed the case to this Court, the undersigned turns to Defendants' motions to dismiss.

### A. Legal Standards

#### 1. Federal Rule of Civil Procedure 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain factual allegations sufficient "to raise a right to relief beyond the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a claim. *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (quoting *Twombly*, 556 U.S. at 555). The Eleventh Circuit explains that complaints must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal

---

claim "is only an incident or adjunct of the state claim and . . . the state claim is the crux of the action." *Jones v. Baugher*, 689 F. Supp. 2d 825, 834 (W.D. Va. 2010) (quoting *Spaudling v. Mingo Cnty. Bd. of Educ.*, 897 F. Supp. 284, 289 (S.D.W. Va. 1995)). A federal court deciding whether to exercise supplemental jurisdiction, or to remand the case to state court, should also consider "principles of economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988).

Here, principles of economy, convenience, and fairness suggest that the Court should exercise its supplemental jurisdiction over Hairston's state-law claims. Severing into two forums Hairston's claims that appear to arise from the same case or controversy thwarts judicial economy and convenience. Critically, Hairston's complaint lacks sufficient factual allegations to determine the crux of her claims. And while it could be argued—and may ultimately be—that Hairston's state-law claims for medical malpractice predominate over any claim against Humana Military, this Court cannot make that determination at this time. Therefore, this Court should exercise its supplemental jurisdiction over Hairston's state-law claims, dismiss the complaint, and allow her an opportunity to replead.

theory." *Randall v. Scott*, 610 F.3d 701, 707 n. 2 (11th Cir. 2010) (internal quotation and citation omitted). To determine whether a plaintiff has stated a claim, the court should first "eliminate any allegations in the complaint that are merely legal conclusions" and then determine whether the well-pleaded factual allegations of the complaint—assuming their veracity—plausibly give rise to an entitlement to relief. *Amer. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (internal quotation and citation omitted). "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting *Twombly*, 550 U.S. at 556).

### 2.    Pro Se Litigants

Federal courts must "show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education." *GJR Invs., Inc. v. Cnty. Of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (italics removed). A document filed pro se is "to be liberally construed," and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations omitted). Despite this leniency, a pro se plaintiff must still comply with the threshold requirements of the Federal Rules of Civil Procedure. *Beckwith v. Bellsouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005). Importantly, a district court "does not have license to rewrite a deficient pleading," and— like complaints drafted by attorneys—a pro se complaint must be dismissed if it fails to state a claim on which relief may be granted. *See, e.g.*, *Osahar v. U.S. Postal Serv.*, 297 F.

App'x 863, 864 (11th Cir. 2008); *Albrata v. Advan, Inc.*, 490 F.3d 826, 834 (11th Cir. 2007).

## B. ANALYSIS

Humana Military moves to dismiss Hairston's complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), arguing that it fails to allege any conduct that would constitute discrimination. Mot. (Doc. 9). Similarly, Dr. Howell and Baptist South move to dismiss, arguing that Hairston's complaint, which does not provide detailed information or a sufficient factual description of their allegedly wrongful acts, fails to state a claim under the Alabama Medical Liability Act, Ala. Code § 6-5-551. Mots. (Doc. 1-1) pp. 17-19; 27-29.

Whether Hairston's complaint is examined under the federal pleading standards or the notice pleading standards applicable in Alabama courts, the conclusion remains the same: Hairston's sparse allegations fail to state a claim against any Defendant. Indeed, Hairston's complaint lacks the factual basis required to give Defendants notice of the claims against them—i.e., the who, what, when, where, and why relating to their allegedly wrongful actions and/or inactions. For example, as to Humana Military and Medicare, Hairston simply alleges "discrimination" without providing any facts as to how she was discriminated against, when the discrimination occurred, and the basis for the alleged discrimination. As to Dr. Howell and Baptist South, Hairston does not provide any dates or describe any specific acts or omissions as required under the Alabama Medical Liability Act. *See* Ala. Code § 6-5-551 (requiring a "detailed specification and factual description of each act and omission alleged by Plaintiff to render the health care provider liable" to

11

include "when feasible and ascertainable the date, time, and place of the act or acts" and noting that "[a]ny Complaint which fails to include such detailed specification and factual description . . . shall be subject to dismissal for failure to state a claim"). Thus, because Hairston's complaint lacks the requisite factual allegations to state any claims, Defendants' motions to dismiss should be granted and Hairston's complaint dismissed.

## IV.     OPPORTUNITY TO AMEND

Generally, the Eleventh Circuit requires that a pro se plaintiff be afforded at least one opportunity to amend a complaint, so long as amendment is not futile and the plaintiff does not clearly indicate a lack of desire to amend. *See Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018). Because the allegations in Hairston's complaint are exceedingly sparse, it is impossible to determine whether amendment is futile. And Hairston has not indicated that she does not wish to amend. Therefore, Hairston should be afforded an opportunity to amend her complaint to clearly set forth her claims. Should Hairston choose to amend, she is advised of the following:

(1) Hairston's amended complaint shall comply with Rules 8, 10, and 11 of the Federal Rules of Civil Procedure.

(2) The amended complaint shall contain a section that clearly **identifies the parties in this suit**. Hairston is advised that she must name defendants that are capable of suit.

(3) The amended complaint shall contain a **section of facts** set forth in numbered paragraphs, each limited as far as practicable to a specific set of circumstances. Allegations of fact must show that Hairston is entitled to relief and must be stated in a clear, concise, and direct manner. They may not include legal argument, legal standards, or legal conclusions. Hairston shall provide the **specific dates**, as far as practicable, on which the factual allegations occurred. Hairston shall not attach documents to the amended complaint without tying their relevance to a factual allegation.

(4) The amended complaint shall contain a **cause of action section**, wherein Hairston shall set forth the individual cause(s) of action she asserts against Defendants. Within each cause of action, Hairston shall identify the statute under which the claim is brought. And for each cause of action alleged, Hairston must set forth the factual allegations about each Defendant's conduct supporting that specific cause of action. Hairston should not incorporate by reference previous paragraphs within the amended complaint.

(5) The amended complaint shall contain a **section stating the relief that Hairston seeks** against Defendants.

(6) Hairston is encouraged to consult the section of the Court's website entitled "Representing Yourself": https://www.almd.uscourts.gov/representing-yourself.

**Hairston is warned that her amended complaint, should she file one, will take the place of her complaint.[5] Hairston is therefore advised that the Court will not consider any allegations contained within her complaint. Hairston is further advised that she should consider the arguments raised by Defendants in their motions to dismiss should she choose to file an amended complaint.**

**Hairston is further warned that, should this Court adopt this Recommendation and dismiss her complaint, her failure to file an amended complaint within the timeframe set forth by this Court will result in a recommendation that this case be dismissed for failure to prosecute this action and/or for failure to abide by orders of the Court.**

---

[5] *See Dresdner Bank G v. M/V Olympia Voyager,* 463 F.3d 1210, 1215 (11th Cir. 2006) ("An amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.").

## V. CONCLUSION

As set forth above, it is the

RECOMMENDATION of the undersigned Chief United States Magistrate Judge that this Court grant Defendants' Motions to Dismiss (Docs. 1-1, 9), dismiss Hairston's complaint, and afford Hairston an opportunity to file an amended complaint that clearly sets forth her claims. It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before February 21, 2025.** A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 7th day of February, 2025.

/s/ Stephen Doyle

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE