IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANNIE L. HAIRSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:24-cv-524-BL-SMD |
| | ) | |
| MEDICARE INSURANCE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On March 11, 2025, pro se Plaintiff Annie L Hairston ("Hairston") filed an amended complaint against Medicare Insurance ("Medicare"), Baptist Medical Center South ("Baptist"), and Dr. Robert Howell, III ("Dr. Howell"). Am. Compl. (Doc. 25). The amended complaint alleges a state law medical malpractice claim against Dr. Howell, who performed hip surgery on Hairston; a negligence claim against Baptist for failure to train and/or supervise Dr. Howell; and an unspecified claim against Medicare, who was her insurer at the time of the surgery. *Id*. Medicare now moves to dismiss the complaint against it pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Mot. (Doc. 52). As explained below, the undersigned recommends that Medicare's motion be granted; that the claim against Medicare be dismissed; and that this case be remanded to the Montgomery County Circuit Court.

## I. LEGAL STANDARDS & PRINCIPLES

### A. Subject Matter Jurisdiction, Removal, Supplemental Jurisdiction, and Remand

**1. Subject Matter Jurisdiction**

Federal courts possess subject matter jurisdiction over two types of actions. First, federal courts have subject matter jurisdiction over controversies "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see Wyke v. Polk Cnty. Sch. Bd.*, 129 F.3d 560, 566 (11th Cir. 1997). This is known as federal question jurisdiction. Whether a claim "arises under" a federal law "is generally determined by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001) (citation omitted).

Second, federal courts have subject matter jurisdiction over cases where (1) the plaintiff and defendant are citizens of different states (often called "complete diversity") and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332; *MacGinnitie v. Hobbs Grp., LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005). This is known as diversity jurisdiction. An individual's citizenship is determined by domicile, which is established by residence plus an intent to remain. *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989); *see also Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."). "A corporation is considered a citizen of every state in which it has been incorporated and where it has its principal place of business." *Flintlock Const. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013) (citing 28 U.S.C. § 1332(c)(1)).

### 2. Removal

Any claim originally filed in state court may be removed by a defendant to federal court if the case could have been filed in federal court originally. 28 U.S.C. § 1441(a). Separately, the federal officer removal statute, 28 U.S.C. § 1442(a)(1), authorizes removal of a civil case to federal court when the defendant is the United States or any agency or officer of the United States and the case related to an act taken on account of their governmental authority. *Caver v. Cent. Ala. Elec. Coop.*, 845 F.3d 135, 1142 (11th Cir. 2017).

### 3. Supplemental Jurisdiction

A federal court may exercise supplemental jurisdiction over a state law claim that arises out of a common nucleus of operative fact with a substantial federal claim. *United Mine Workers v. Gibbs*, 383 U.S. 715, 724-25 (1966). Under 28 U.S.C. § 1367(c), a court may decline to exercise supplemental jurisdiction over a state law claim if the claim raises a novel or complex issue of State law, the claim substantially predominates over the claim over which the district court has original jurisdiction, the district court has dismissed all claims over which it has original jurisdiction, or if there are other compelling reasons for declining jurisdiction.

### 4. Remand

Any time before judgment, 28 U.S.C. § 1447(c) permits a federal court to remand cases over which it lacks subject matter jurisdiction. In a properly removed case, when the federal-law claims have been dismissed early in the case and only state-law claims remain, generally the interests of "judicial economy, convenience, fairness, and comity" weigh in

favor of remand. *Gibbs*, 383 U.S. at 726.

### B. Federal Rule of Civil Procedure 12(b)(1)

Under Rule 12(b)(1), a court must dismiss an action if it lacks subject matter jurisdiction to hear the plaintiff's claims. *See Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 94 (1998). Attacks on subject matter jurisdiction come in two forms: facial attacks and factual attacks. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). "'Facial attacks' on the complaint require 'the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction.'" *Id.* at 1529 (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). In a facial attack, the allegations in the complaint "are taken as true for purposes of the motion." *Id.* (quoting *Menchaca*, 613 F.2d 507). "'Factual attacks,' on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'" *Id.* (quoting *Menchaca*, 613 F.2d 507).

### C. Federal Rule of Civil Procedure 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain factual allegations sufficient "to raise a right to relief beyond the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To determine whether a plaintiff has stated a claim, the court should first "eliminate any allegations in the complaint that are merely legal conclusions" and then determine whether the well-

pleaded factual allegations of the complaint—assuming their veracity—"plausibly give rise to an entitlement to relief." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010). "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). "A complaint is subject to dismissal under Rule 12(b)(6) when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Hardy v. Broward Cnty. Sheriff's Off.*, 238 F. App'x 435, 439 (11th Cir. 2007) (citing *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003)). In ruling on a motion to dismiss under Rule 12(b)(6), the court must accept the well-pleaded factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Ounjian v. Globoforce, Inc.*, 89 F.4th 852, 856 (11th Cir. 2023).

**D. Pro Se Standard**

Federal courts must "show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (italics omitted). "A document filed pro se is 'to be liberally construed,' and a pro se complaint, 'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). However, the leniency shown to pro se plaintiffs "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc.*, 132 F.3d at 1369 (citations omitted). A pro se complaint must still be dismissed if it fails to state a

claim on which relief may be granted. *See, e.g., Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008); *Albrata v. Advan, Inc.*, 490 F.3d 826, 834 (11th Cir. 2007).

## II. FACTUAL ALLEGATIONS

In 2022, Hairston received medical treatment for her hip at Baptist from Dr. Howell. Am. Compl. (Doc. 25) p. 2. Hairston asserts that she wanted a hip *repair*, but Dr. Howell instead performed a partial hip *replacement* without her consent. *Id.* Hairston states that Dr. Howell's reason for performing a partial hip replacement was because she was 70 years old, and Dr. Howell assumed she was sedentary because of her age. *Id.*

Hairston asserts that her medical records indicate that Dr. Howell's decision was based on guidelines issued by Medicare requiring partial hip replacements instead of hip repairs for persons who are over the age of 70, regardless of whether they are sedentary. *Id.* Hairston's primary physician's records reflect that she was not a sedentary person. *Id.* Hairston asserts that Dr. Howell did not consult with her primary physician, and if he had done so, he would have been informed that she was not sedentary. *Id.* at 3. Hairston claims she has suffered complications since the initial procedure, resulting in pain and a disruption of her active lifestyle. *Id.*

## III. CLAIMS

### A. Count I (Dr. Howell)

In Count I, Hairston claims that Dr. Howell was negligent because he failed to consult with her and her primary physician about her lifestyle. *Id.* Hairston also alleges that Dr. Howell's failure to consult her primary physician before commencing the hip procedure violated her unspecified rights. *Id.*

**B. Count II (Baptist)**

In Count II, Hairston asserts a negligence claim against Baptist, claiming that Baptist's alleged failure to supervise or train Dr. Howell to obtain a patient's consent and review medical history caused her to incur a surgical procedure resulting in unnecessary pain and suffering. *Id.* at 3-4. Hairston also alleges that Baptist, by and through Dr. Howell, was negligent in failing to obtain her medical records before her hip procedure. *Id.*

**C. Count III (Medicare Insurance)**

In Count III, Hairston asserts that Medicare has a policy of not paying for the medical expenses of individuals over 70 for certain hip-related medical procedures. *Id.* Hairston alleges that this policy is based on Medicare's assumption that individuals over 70 are sedentary. *Id.* She contends that this policy does not exempt individuals who are over 70 and are not sedentary. *Id.* Hairston does not identify the legal basis for this claim but asks the Court to order Medicare to remove its limitation on payment of medical expenses for non-sedentary individuals who are over the age of 70. *Id.* at 5.

**IV. ANALYSIS**

**A. Medicare's Motion to Dismiss**

Medicare moves to dismiss Hairston's claim against it for two reasons. Mot. (Doc. 52). First, Medicare argues that this Court lacks subject matter jurisdiction over the claim because Hairston failed to exhaust Medicare's mandatory administrative process. *Id.* pp. 2-4. Second, Medicare argues that—even if the Court has subject matter jurisdiction—Hairston fails to state a plausible claim. *Id.* at 4-5. As explained below, the undersigned agrees with both arguments and recommends that Medicare's motion to dismiss be granted.

**1. This Court lacks subject matter jurisdiction over Hairston's claim against Medicare.**

A federal court lacks subject-matter jurisdiction over a claim arising under the Medicare Act unless the plaintiff has first exhausted the administrative review process established by Congress. *See* 42 U.S.C. §§ 405(g), (h), as incorporated into the Medicare Act by 42 U.S.C. § 1395ii. These provisions require a claimant to present her claim to the Secretary of the Department of Health and Human Services and obtain a final administrative decision before seeking judicial review. *See Cochran v. U.S. Health Care Fin. Admin.*, 291 F.3d 775, 778-79 (11th Cir. 2002) ("Until a claimant has exhausted her administrative remedies by going through the agency appeals process, a federal district court has no jurisdiction over her lawsuit seeking to 'recover on any claim arising out of the Medicare Act.'"). Section 405(h) further provides that § 405(g) supplies the exclusive avenue for judicial review of claims arising under the Medicare Act and precludes federal-question jurisdiction under 28 U.S.C. § 1331 or any other jurisdictional statute. *Bishins v. U.S. Sec'y of Health & Hum. Servs.*, 2025 WL 2080887, at *3-5 (11th Cir. July 24, 2025) (explaining that "[s]ection 405(h) channels all federal claims related to Medicare through § 405(g), so a claimant may only appeal in federal court from a final decision of the Secretary"). Accordingly, where a plaintiff has not exhausted the administrative remedies available through Medicare's administrative appeals process and has not obtained a final decision of the Secretary, a district court lacks subject-matter jurisdiction over the claim and must dismiss it without prejudice. *Cochran*, 291 F.3d at 779.

Further, a plaintiff may not circumvent Medicare's administrative review process

by recasting her claim as a constitutional challenge or by asserting that she lacked notice of a change in Medicare's coverage rules. The Supreme Court has repeatedly held that claims "arising under" the Medicare Act—including constitutional, procedural, and statutory challenges—must be channeled through the administrative review process prescribed by 42 U.S.C. §§ 405(g) and (h) before judicial review is available. *See Weinberger v. Salfi*, 422 U.S. 749, 760-62 (1975); *Heckler v. Ringer*, 466 U.S. 602, 614-15, 622-24 (1984); *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 13-15, 23 (2000). Thus, the fact that a plaintiff alleges a violation of due process, challenges the validity or constitutionality of a Medicare statute or regulation, or contends that she was unaware of a change in Medicare's coverage policies does not relieve her of the obligation to first present her claim to the agency and exhaust the administrative appeals process. *Cochran*, 291 F.3d at 779 (stating that a claimant must exhaust administrative remedies for a Medicare Act claim "even when her claim includes a challenge to the constitutionality of the statute or regulations interpreting it").

Here, Hairston asks the Court to invalidate a Medicare policy that purportedly presumes that individuals over 70 years old are sedentary. Regardless of how this claim is framed, it "arises under" the Medicare Act and is therefore subject to administrative review. Accordingly, absent a final administrative decision following exhaustion of the prescribed review process,[1] this Court lacks subject-matter jurisdiction to consider the claim, and Medicare's motion to dismiss the claim should be granted.

---

[1] Hairston does not dispute Medicare's position that she failed to administratively exhaust her claim prior to filing suit in this Court. *See* Resp. (Doc. 58).

**2. Hairston fails to state a plausible claim for relief against Medicare.**

Alternatively, assuming *arguendo* that this Court has subject matter jurisdiction over Hairston's claim against Medicare, the amended complaint independently fails to state a plausible claim against Medicare and should be dismissed pursuant to Rule 12(b)(6). As previously noted, Hairston alleges that Medicare maintains a policy of denying payment for certain hip-related medical procedures for individuals who are 70 or older based on the assumption that such individuals lead sedentary lifestyles and that the policy does not exempt individuals over 70 who remain physically active. Am. Compl. (Doc. 25) pp. 4-5. As relief, Hairston requests that the Court order Medicare "to remove its limitation on payment of medical expenses for individuals who are 70 years of age or older and who do not live a sedentary lifestyle." *Id*. However, Hairston's allegations—construed liberally—do not state a claim upon which relief can be granted. The amended complaint does not identify—and the undersigned is unaware of—any statutory, constitutional, or regulatory basis for Hairston's challenge to Medicare's policy. As such, her conclusory allegation that Medicare's policy is unlawful is insufficient to satisfy the federal pleading requirements, and the claim should be dismissed.

**B. This Court should remand Hairston's remaining state-law claims.**

With the claim against Medicare dismissed, Hairston's remaining state-law claims against Dr. Howell and Baptist should be remanded because this Court lacks diversity jurisdiction over those claims and should not exercise supplemental jurisdiction over them.

**1. This Court does not have diversity jurisdiction over Hairston's remaining state-law claims.**

Hairston's remaining claims are merely state-law negligence/medical malpractice claims over which this Court lacks diversity jurisdiction. Hairston is a citizen of Alabama. Am. Compl. (Doc. 25) p. 1. Baptist is also a citizen of Alabama. *Id.* ("Defendant, Baptist Medical Center South is a nonprofit corporation that is existing and doing business pursuant to the laws of the State of Alabama."). Because at least Hairston and Baptist are citizens of Alabama, the parties are not completely diverse. Therefore, this Court lacks diversity jurisdiction over those claims.

**2. This Court should decline to exercise supplemental jurisdiction over Hairston's remaining state-law claims.**

The principles of economy, convenience, and fairness suggest that this Court should not exercise supplemental jurisdiction over Hairston's remaining state-law claims. First, if this Court agrees that Hairston's claim against Medicare should be dismissed, no claims remain over which this Court has original jurisdiction. In the usual case where all federal claims are eliminated before trial, the balance of the relevant factors points toward declining supplemental jurisdiction over the remaining state-law claims. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *Gibbs*, 383 U.S. at 728 ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."). Moreover, "[w]hen the single federal-law claim in the action was eliminated at an early stage of the litigation, the District Court had a powerful reason to choose not to continue to exercise jurisdiction." *Carnegie-Mellon*, 484 U.S. at 351. This case remains in its early stages.

Discovery has not begun, no scheduling order has been entered, and the Court has not devoted substantial judicial resources to resolving the merits of the remaining state-law claims. Accordingly, considerations of judicial economy weigh in favor of remand. *See Shelley v. City of Headland*, 2009 WL 2171898, at *2 (M.D. Ala. July 21, 2009). For these reasons, this Court should decline to exercise supplemental jurisdiction over Hairston's remaining state-law claims and remand those claims to the Circuit Court of Montgomery County, Alabama.

## V. CONCLUSION

For these reasons, it is the

RECOMMENDATION of the undersigned Chief United States Magistrate Judge that Medicare's Motion to Dismiss (Doc. 52) be GRANTED and that Hairston's claim (Count III) against Medicare be DISMISSED. Further, it is the undersigned's

RECOMMENDATION that this case be REMANDED to the Circuit Court of Montgomery County, Alabama. It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before August 12, 2026**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal

conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 29th day of July, 2026.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE