IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANNIE L. HAIRSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:24-CV-00524-BL-SMD |
| | ) | |
| MEDICARE INSURANCE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**[1]

On July 2, 2024, Plaintiff Annie Hairston, proceeding *pro se*, filed this action in the Circuit Court of Montgomery County, Alabama. (*See* Doc. 1-1 at 3-4). On August 16, 2024, this action was removed to this court. (Doc. 1). On March 11, 2025, the Plaintiff filed an Amended Complaint asserting a state law medical malpractice claim against Defendant Dr. Robert Howell ("Dr. Howell"), a negligence claim against Defendant Baptist Medical Center South ("Baptist") for failure to train and/or supervise Dr. Howell, and an unspecified claim against Defendant Medicare Insurance ("Medicare"), who was her insurer at the time of the surgery. (*See* Doc. 25). On June 1, 2026, Defendant Medicare filed a Motion to Dismiss the Amended Complaint against it pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 52). On July 29, 2026, the Magistrate Judge

---

[1] The above-styled case was reassigned to the undersigned District Judge on November 12, 2025.

recommended that this court grant Defendant Medicare's Motion to Dismiss and remand this case to the Montgomery County Circuit Court. (Doc. 59). On August 11, 2026, the Plaintiff filed an Objection to the Recommendation of the Magistrate Judge. (Doc. 60).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."). A district court's obligation to "make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made" requires a district judge to "give *fresh consideration* to those issues to which specific objection has been made by a party." *United States v. Raddatz*, 447 U.S. 667, 673, 675 (1980) (internal quotations and citations omitted) (emphasis in *Raddatz*). Further, the Eleventh Circuit has recognized that "[p]arties filing objections to a magistrate [judge's] report and recommendation must specifically identify those findings objected to." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). "Frivolous, conclusive, or general objections need not be considered by the district court." *Id*.

In her objections, the Plaintiff merely restates facts that the Magistrate Judge considered in his recommendation and fails to challenge a specific factual finding or legal conclusion of the Magistrate Judge. Moreover, the court finds that the objections asserted by the Plaintiff constitute the kind of frivolous, conclusive, or general objections that the Eleventh Circuit has found need not be considered by the district court. *See Marsden*, 847 F.2d at 1548. Because the Plaintiff failed to identify an error in the Magistrate Judge's factual findings or legal conclusions, the court **OVERRULES** the Plaintiff's objections, (doc. 60).

After careful review of the file and upon consideration of the recommendation of the Magistrate Judge, the court **ADOPTS** the recommendation of the Magistrate Judge.

Accordingly, and for good cause, it is hereby **ORDERED** as follows:

1. Defendant Medicare's Motion to Dismiss (doc. 52) is **GRANTED** and the Plaintiff's claim against Defendant Medicare is **DISMISSED** with prejudice.[2]

---

[2] The Magistrate Judge's recommendation is silent as to whether to dismiss the Plaintiff's claim against Defendant Medicare with or without prejudice. Here, because any further amendment would be futile, the court dismisses the Plaintiff's claim against Defendant Medicare with prejudice. *See Daker v. Bryson*, 841 F. App'x 115, 123 (11th Cir. 2020) (stating that the "general rule against dismissal with prejudice without notice does not apply if the claim is patently frivolous or if amendment would be futile").

2. The remaining claims against Defendant Dr. Howell and Defendant Baptist shall be **REMANDED** to the Circuit Court of Montgomery County, Alabama.

3. The Clerk of Court is **DIRECTED** to take all steps necessary to effectuate the remand and close this case.

The Court will enter a separate final judgment.

**DONE** and **ORDERED** on this the 13th day of August, 2026.

**BILL LEWIS**
UNITED STATES DISTRICT JUDGE